## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DAVID REEVES, BILLIE REEVES,
ALLISON PLEVRAKIS, AMPHON
JOHNSON, ALFREINO JOHNSON and
ANASTASIOS PLEVRAKIS,

                 Plaintiffs,

v.                                     Case No:  6:13-cv-597-Orl-28TBS

ZEALANDIA HOLDING COMPANY,
INC., RCI, LLC, B.L.VACATION
OWNERSHIP, INC., CELEBRATION
WORLD RESORT MARKETING, LTD.,
PATTON HOSPITALITY
MANAGEMENT, LLC and FESTIVA
ORLANDO RESORT HOMEOWNERS
ASSOCIATION, INC.,

                 Defendants.

## ORDER

This case is before the Court on the Class Representatives' Motion for Final Approval of the Class Action Settlement (Doc. 151) and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (Doc. 152).  The assigned United States Magistrate Judge has submitted a Report (R&R, Doc. 162) recommending that both motions be granted in their entirety.  Two objections to the Report were timely filed.[1]  (Docs. 163 & 164).

---

[1] Another objection was filed by purported class member Robert Maurice Holland on August 26, 2016, (Doc. 165), but it was filed after the fourteen-day deadline.  (See R&R at 25 ("A party has fourteen days from [August 1, 2016] to file written objections to this Report and Recommendation's factual findings and legal conclusions.")).

The Class Representatives' Unopposed Partial Objection to the Report (Doc. 163) states that pursuant to "the Settlement Agreement executed by the parties, the Class Members did not release their claims against [Celebration World Resort Marketing, Ltd. ("Celebration")]," (id. ¶ 4), and asks that "this Court dismiss this action without prejudice as to Celebration while still dismissing this action with prejudice as to the Settling Defendants," (id. ¶ 3). Noting that the Class Representatives' Objection is unopposed by the settling Defendants and that Celebration has not yet appeared in this case, the claims against Celebration will be dismissed without prejudice.

Purported class member Paul Maurer filed another objection to the Report on August 12, 2016. (Doc. 164). To the extent Mr. Maurer raises new objections in his filing,[2] he challenges the terms of the settlement agreement, the attorneys' fees, and the class representatives' awards. Objections to the terms of the settlement agreement—as opposed to objections to the Report—were due on or before May 30, 2016.[3] (Order, Doc.

---

[2] Most of Mr. Maurer's instant objections are repeated from his previous filing (Doc. 143) in response to the Order granting the Unopposed Motion for Preliminary Approval of Class Action Settlement.

[3] Magistrate Judge Smith's January 27, 2016 Order granting Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement provided that:

> Settlement Class Members who do not request exclusion from the Settlement Class may object to the Settlement Agreement, including Class Counsel's request for attorney's fees and expenses and the proposed awards to the Class Representatives, by filing an objection with the Court. Any Objection must be in writing, filed with the Court, with a copy delivered to the Claims Administrator at the address set forth in the Notice, no later than **May 30, 2016** (the "Objection Deadline"). Any Objection filed with the Court after the Objection Deadline shall be untimely, invalid, and not considered by the Court regardless of the date of postmark or mailing of the objection.

(Order, Doc. 137, at 6 ¶ 18 (emphasis in original)).

137, at 6 ¶ 18).  The only objections that may be considered at this point are those pertaining to the Report's factual findings and legal conclusions.  Because Mr. Maurer's purported "Statement of Objection to the Report and Recommendation" does not address the Report but instead belatedly challenges the terms of the settlement agreement, attorneys' fees, and class representatives' awards, it is untimely.

Apart from their untimeliness, Mr. Maurer's objections either are squarely addressed—and rejected—in the Report or are wholly unsupported.[4]  (R&R at 18 (reasoning that class members' objections generally failed to take into consideration "the risks and costs of litigating this controversy, the likelihood of success on the merits, and the likelihood of obtaining the relief they seek.")).  As discussed in the Report, dissenting class members may still seek to recover their damages against Celebration, which is not among the settling Defendants.

After review of the record in this matter, including consideration of the timely filed Objections (Docs. 163 & 164), the Court agrees with the findings and conclusions in the Report and Recommendation with the sole exception of the recommendation to dismiss the claims against Celebration with prejudice.  Therefore, it is **ORDERED** as follows:

1.    The Report and Recommendation (Doc. 162) is **ADOPTED** and **CONFIRMED** and made a part of this Order except insofar as it recommends dismissal of the claims against Celebration World Resort Marketing, Ltd. with prejudice.

2.    Plaintiffs have met their burden of showing that the prerequisites for the certification of a class action pursuant to Rules 23(a) and 23(b)(3) have been satisfied.

---

[4] For example, Mr. Maurer provides no support for his assertions that the "Deedback Option" is "pure theft" or that the vacation weeks provided by the settling Defendants were "essentially worthless" or "un-usable."  (Doc. 164 at 2).

The Settlement Agreement (Doc. 134-1) is fair, reasonable, and adequate. The Class Representatives' Motion for Final Approval of the Class Action Settlement (Doc. 151) is **GRANTED**.

3.      Class Counsel's requested award of fees and expenses is fair and reasonable. Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (Doc. 152) is **GRANTED**.

4.      Counsel for Plaintiffs are **AWARDED** $420,000 in attorneys' fees and costs, to be paid pursuant to the terms of the Settlement Agreement.

5.      Each class representative is **AWARDED** a $1,000 service fee as provided in the Settlement Agreement.

6.      The claims against all Defendants except Celebration World Resort Marketing, Ltd. are **DISMISSED WITH PREJUDICE**.

7.      The claims against Celebration World Resort Marketing, Ltd. are **DISMISSED WITHOUT PREJUDICE**.

8.      The Clerk is **DIRECTED** to terminate all pending motions and to close the case.

**DONE** and **ORDERED** in Orlando, Florida, on October 25, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Magistrate Judge
Counsel of Record
Unrepresented Parties